**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| SUSAN RICART 856 Kenwick Road Apt. C Columbus, Ohio 43209 Plaintiff, v. SAFELITE SOLUTIONS, LLC 7400 Safelite Way Columbus, Ohio 43235 **Serve Also:** Safelite Solutions, LLC c/o Corporation Service Company 3366 Riverside Drive, Suite 103 Upper Arlington, OH 43221 -and- KELLIE DIGEL 7400 Safelite Way Columbus, Ohio 43235, Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. JUDGE: **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** **JURY DEMAND ENDORSED HEREIN** |

Plaintiff, Susan Ricart, by and through undersigned counsel, as her Complaint against Defendants Safelite Group, Inc. ("Safelite") and Kellie Digel, states and avers the following:

**PARTIES, JURISDICTION, AND VENUE**

1. Ricart is a resident of the city of Columbus, Franklin County, Ohio.

2. Safelite is a corporation for profit that does business at 7400 Safelite Way, Columbus, Franklin County, Ohio 43235.

3. Safelite is and, at all times herein, was an employer within the meaning of R.C. § 4112.01 *et seq.*

4. Kellie Digel is a resident of the state of Ohio.

5. All of the material events alleged in this Complaint occurred in Franklin County.

6. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Ricart is alleging a Federal Law Claim under the Family & Medical Leave Act ("FMLA"), 29 U.S.C § 2601 *et seq.*; and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*

7. This Court has supplemental jurisdiction over Ricart's state law claim pursuant to 28 U.S.C. § 1367 as Ricart's state law claim is so closely related to her federal law claim that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

9. On or about August 25, 2022, Ricart filed a charge of disability discrimination ("Charge of Discrimination") with the Ohio Civil Rights Commission ("OCRC"), Charge No. 22A-2022-03258 against Safelite ("Ricart OCRC Charge #1"), and Charge No. 22A-2022-03260 against Digel ("Ricart OCRC Charge #2").

10. On or about October 20, 2022, the OCRC issued a Notice of Right to Sue Letter to Ricart regarding Ricart OCRC Charge #1. The Notice of Right to Sue Letter has been attached as Exhibit A.

11. On or about October 21, 2022, the OCRC issued a Notice of Right to Sue Letter to Ricart regarding Ricart OCRC Charge #2. The Notice of Right to Sue Letter has been attached as Exhibit B.

12. Ricart dually filed the Ricart OCRC Charges with the Equal Employment Opportunity Commission.

13. Ricart filed this Complaint within two years after the date of the discriminatory practice pursuant to Ohio Revised Code § 4112.052 and § 4112.14.

14. Ricart filed this Complaint within 90 days of her receipt of the Notice of Right to Sue.

## FACTS

15. In or about July 2018, Ricart began working for Safelite.

16. Ricart worked for Safelite as a customer service representative.

17. Ricart was qualified for her position.

18. As of July 2019, Ricart worked for Safelite for longer than twelve months.

19. Ricart worked for Safelite for at least 1,250 hours over the twelve months immediately before her need for leave.

20. Ricart was eligible for leave under FMLA.

21. Ricart has ocular rosacea.

22. Ricart's ocular rosacea causes vision problems, itching, burning, and swelling.

23. Ricart's ocular rosacea is a physical impairment.

24. Ricart's ocular rosacea significantly limits her in one or more major life activities, including seeing and working.

25. Ricart has a record of physical impairment.

26. Because of Ricart's ocular rosacea, Defendants perceived Ricart as disabled.

27. In or about January 2021, Ricart requested intermittent leave due to her ocular rosacea ("First Leave Request").

28. At the time of the First Leave Request, Ricart qualified for FMLA leave.

29. The First Leave Request was a qualifying request for leave under FMLA.

30. The First Leave Request was a request for disability accommodation.

31. In or about January 2021, Safelite approved the First Leave Request.

32. In or about June 2021, Ricart had surgery.

33. In or about June 2021, as a result of Ricart's surgery, Ricart's doctor instructed her to take two weeks off work.

34. Ricart had a serious health condition that made her unable to work for two weeks.

35. Ricart used leave under FMLA during her surgery recovery.

36. In or about June 2021, Safelite requested a copy of Ricart's medical records ("Ricart's Medical Records").

37. On several occasions, Ricart's doctor submitted paperwork to Safelite.

38. On several occasions, Ricart's doctor explained Ricart's health condition to Safelite.

39. Ricart's doctor provided Safelite with all medical documentation that Safelite requested.

40. On or about July 5, 2021, Ricart returned to work.

41. On or about December 13, 2021, Safelite terminated Ricart's employment ("Termination").

42. On or about December 13, 2021, Digel told Ricart about the Termination by phone ("Termination Call").

43. Digel was the Leave of Absence Administrator for Safelite.

44. Digel did not participate in the decision to hire Ricart.

45. The Termination was an adverse employment action.

46. The Termination was an adverse action.

47. Defendants gave Ricart the Termination intentionally.

48. Defendants gave Ricart the Termination willfully.

49. On or about December 13, 2021, Safelite terminated Ricart's employment in retaliation for her use of FMLA leave.

50. On or about December 13, 2021, Safelite gave Ricart the Termination because of her disability.

51. On or about December 13, 2021, Safelite gave Ricart the Termination in retaliation for her requesting a disability accommodation.

52. On or about December 13, 2021, Safelite gave Ricart the Termination in retaliation for her use of qualified FMLA leave.

53. On or about December 13, 2021, Safelite gave Ricart the Termination in order to interfere with her use of qualified FMLA leave.

54. As a direct and proximate result of Safelite's conduct, Ricart suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF ADA

### (Defendant Safelite)

55. Ricart restates each and every prior paragraph of this complaint, as if it were fully restated herein.

56. Ricart has ocular rosacea.

57. Ricart's ocular rosacea is a physical impairment.

58. Ricart's condition significantly limits her in one or more major life activities, including seeing and working.

59. Ricart has a record of physical impairment.

60. Defendants perceived Ricart as disabled.

61. Ricart informed Defendants of her medical conditions.

62. Ricart requested an accommodation because of her medical conditions.

63. Defendants did not grant Ricart a reasonable accommodation for her medical conditions.

64. Defendants did not engage in the interactive process to determine a reasonable accommodation for Ricart's medical conditions.

65. On or about December 13, 2021, Safelite gave Ricart the Termination because of her disability.

66. Safelite unlawfully discriminated against Ricart because of her disability.

67. As a direct and proximate result of Safelite's conduct, Ricart suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

**COUNT II: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.***

**(Defendant Safelite)**

68. Ricart restates each and every prior paragraph of this complaint, as if it were fully restated herein.

69. Ricart has ocular rosacea.

70. Ricart's ocular rosacea is a physical impairment.

71. Ricart's condition significantly limits her in one or more major life activities, including seeing and working.

72. Ricart has a record of physical impairment.

73. Defendants perceived Ricart as disabled.

74. Ricart informed Defendants of her medical conditions.

75. Ricart requested an accommodation because of her medical conditions.

76. Defendants did not grant Ricart a reasonable accommodation for her medical conditions.

77. Defendants did not engage in the interactive process to determine a reasonable accommodation for Ricart's medical conditions.

78. On or about December 13, 2021, Safelite gave Ricart the Termination because of her disability.

79. Safelite unlawfully discriminated against Ricart because of her disability.

80. As a direct and proximate result of Safelite's conduct, Ricart suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT III: RETALIATION IN VIOLATION OF ADA

### (Defendant Safelite)

81. Ricart restates each and every prior paragraph of this complaint, as if it were fully restated herein.

82. In or about January 2021, Ricart requested intermittent leave due to her disability.

83. In or about June 2021, Ricart requested continuous leave due to her disability.

84. On or about December 13, 2021, Defendants terminated Ricart's employment.

85. Defendants gave Ricart the Termination in retaliation for her requesting disability accommodation.

86. Under ADA, it is unlawful discrimination to retaliate against an employee for requesting a disability accommodation.

87. As a direct and proximate result of Safelite's conduct, Ricart suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT IV: RETALIATION IN VIOLATION OF R.C. § 4112.02(I)

### (All Defendants)

88. Ricart restates each and every prior paragraph of this complaint, as if it were fully restated herein.

89. In or about January 2021, Ricart requested intermittent leave due to her disability.

90. In or about June 2021, Ricart requested continuous leave due to her disability.

91. On or about December 13, 2021, Defendants terminated Ricart's employment.

92. Defendants gave Ricart the Termination in retaliation for her requesting disability accommodation.

93. Under R.C. § 4112.02(I), it is unlawful discrimination to retaliate against an employee for requesting a disability accommodation.

94. As a direct and proximate result of Safelite's conduct, Ricart suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT V: RETALIATION IN VIOLATION OF FMLA

### (All Defendants)

95. Ricart restates each and every prior paragraph of this complaint, as if it were fully restated herein.

96. During her employment, Ricart utilized FMLA leave.

97. After Ricart utilized her qualified FMLA leave, Defendants retaliated against her.

98. On or about December 13, 2021, Digel notified Ricart that she was terminated from Safelite.

99. Defendants retaliated against Ricart by terminating her employment.

100. Defendants willfully retaliated against Ricart in violation of 29 U.S.C. § 2615(a).

101. As a direct and proximate result of the Defendant's wrongful conduct, Ricart is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

## COUNT VI: UNLAWFUL INTERFERENCE WITH FMLA RIGHTS

### (All Defendants)

102. Ricart restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

103. Pursuant to 29 U.S.C. § 2601 *et seq.*, covered employers are required to provide employees job-protected unpaid leave for qualified medical and family situations.

104. Safelite is a covered employer under FMLA.

105. During her employment, Ricart qualified for FMLA leave.

106. Defendants failed to advise Ricart properly of her rights under FMLA.

107. On or about December 13, 2021, Defendants terminated Ricart's employment in order to interfere with her use of qualified FMLA leave.

108. Defendants unlawfully interfered with Ricart's exercise of her rights under FMLA in violation of Section 105 of FMLA and section 825.220 of FMLA regulations.

109. As a direct and proximate result of Defendants' conduct, Ricart is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff Ricart respectfully requests that this Honorable Court grant the following relief:

(a) Issue a permanent injunction:

    (i) Requiring Defendants to abolish discrimination, and retaliation;

    (ii) Requiring allocation of significant funding and trained staff to implement all changes within two years;

    (iii) Requiring removal or demotion of all supervisors who have engaged in discrimination, or retaliation, and failed to meet their legal responsibility to investigate complaints promptly and/or take effective action to stop and deter prohibited personnel practices against employees;

    (iv) Creating a process for the prompt investigation of discrimination, or retaliation complaints; and

(v) Requiring mandatory and effective training for all employees and supervisors on discrimination, and retaliation issues, investigations, and appropriate corrective actions;

(b) Issue an order requiring Defendants to restore Ricart to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(c) An award against each Defendant of compensatory and monetary damages to compensate Ricart for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(d) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(e) An award of reasonable attorneys' fees and non-taxable costs for Ricart claims as allowable under law;

(f) An award of the taxable costs of this action; and

(g) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Trisha Breedlove*_____
Trisha Breedlove (0095852)
Paul Filippelli (0097085)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
1103 Schrock Road, Suite 307
Columbus, Ohio 43229
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: trisha.breedlove@spitzlawfirm.com
Email: paul.filippelli@spitzlawfirm.com
*Attorneys for Plaintiff Susan Ricart*

**JURY DEMAND**

Plaintiff Ricart demands a trial by jury by the maximum number of jurors permitted.

> */s/ Trisha Breedlove*
> Trisha Breedlove (0095852)
> Paul Filippelli (0097085)